**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BABAJIDE O. KUFEJI,<br>Petitioner | ) | |
| v. | ) | C.A. No. 06-60S |
| BRUCE CHADBOURNE, Field Director<br>of the Bureau of Immigration and Citizenship<br>Respondents | ) | |

**RESPONDENTS' MOTION TO DISMISS**

Respondent hereby moves to dismiss this action for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 9th day of March, 2006, a true and correct copy of the foregoing Motion to Dismiss was served on Petitioner, by mailing same, by first-class mail, postage prepaid, to:

Babajide O. Kufeji
196 Waldo Street
Providence, RI 02909

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BABAJIDE O. KUFEJI, Petitioner | ) | |
| v. | ) | C.A. No. 06-60S |
| BRUCE CHADBOURNE, Field Director of the Bureau of Immigration and Citizenship Respondents | ) | |

## MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

In support of his motion to dismiss, respondent Bruce Chadbourne, asserts as follows:

## INTRODUCTION

On or about February 6, 2006, B. O. Kufeji sent a letter to this Court. The entirety of the letter reads as follows:

> I respectfully appeal the decision of the US. Citizenship and Immigration Services over the citizenship application I filed sometime in January 2004. I deem this appeal necessary now as the only option to salvage the U.S. Citizenship application I filed at the Service.

On February 21, 2006, the Court ordered the Government to file a response to the plaintiff's "Petition Under 28 U.S.C. § 2241" on or before March 17, 2006.

## ARGUMENT

Petitioner's letter to the Court does not constitute a petition under 28 USC § 2241, as he is not in the Custody of the United States. Indeed, there is no evidence that he is in custody at all. Rather, it appears that Mr. Kufeji seeks judicial review of a denial of his application for citizenship. Judicial review is sought by filing a complaint under the auspices of the Immigration and Nationality Act and the Administrative Procedures Act. Immigration and Nationality Act (INA) § 310( c) , 8 U.S.C. 1421( c).

## A. FAILURE TO COMPLY WITH RULE 8

In order to obtain judicial review, petitioner must file a pleading which sets forth a claim for relief. Fed. R. Civ. P. 8(a). The claim must include a statement of the Court's jurisdiction, and short and plain statement of the claim demonstrating that petitioner is entitled to relief and a demand for judgment for the relief sought. Id. While exceptions to the strictest formalities may be eased somewhat for *pro se* filers, even they must provide enough information to establish a viable claim and for respondent to answer the complaint. See, e.g., Wedeen v. Green River Power Sports, 14 Fed. Appx. 6, 7 (1st Cir. 2001) ("We respect the right of every litigant in our adversarial system, including *pro se* litigants, to be the master of their own cause. Still, we ordinarily cannot relieve a party from his own intransigence or "insulate" him from the rudimentary requirements of substantiating jurisdiction."); Plank v. U.S. Dept. of Educ., 2005 WL 3298919, *1 (N.D.Ohio 2005) citing Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir.1996) (Even under the liberal notice pleading requirements of Federal Civil Rule 8 and the liberal perspective in which *pro se* complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief.)

Here, there is no complaint, just a two-sentence letter which does not indicate the respondent, the jurisdiction for the Court's review, or the nature of the claim, let alone facts which demonstrate that he is entitled to relief. In short, there is nothing for the Court-identified respondent to answer.

**B. FAILURE OF PROCESS AND FAILURE TO SERVE**

Even if the Court determined that petitioner's letter constituted a complaint under Rule 8, the claim would not be saved. Pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action if the plaintiff has failed to properly serve the United States. The procedure for service upon the United States is explicitly set out in Rule 4(i) of the Federal Rules of Civil Procedure. Rule 4(i) requires that the United States Attorney, the Attorney General of the United States and the agency issuing the disputed decision be served. In this case, a letter was sent to the Court and a copy was served only on the agency. Therefore, the "petition" should be dismissed for lack of service.[1]

Failure to comply with these rules will result in dismissal of a party for lack of personal jurisdiction. Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594-95 (1st Cir. 1982). These are mandatory requirements which cannot be dispensed with as a simple formality. Smith v. McNamara, 395 F.2d 896, 898 (10th Cir. 1968), Franco-Rivera v. Chairman of Board of Directors of FDIC, 690 F. Supp. 118, 122 (D.P.R. 1988).

Moreover, 8 C.F.R. § 336.9 requires that the petition for review be served upon the Attorney General of the United States and "upon the official in charge of the Service office where the hearing was held." In this case, as there only service on the agency, dismissal of the complaint is mandated as a matter of law.

---

[1] Once properly served, the United States has 60 days to answer a complaint. Fed. R. Civ. P. 12(a)(3).

**CONCLUSION**

WHEREFORE, for all of the forgoing reasons, the petition should be dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 9th day of March, 2006, a true and correct copy of the foregoing Motion to Dismiss was served on Petitioner, by mailing same, by first-class mail, postage prepaid, to:

Babajide O. Kufeji
196 Waldo Street
Providence, RI 02909